UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEVIN D. ISIDORE,

          Plaintiff,

   -v-                                  Case # 19-CV-6924 FPG

                                                  ORDER
D.O.C.C SERGEANT BAKER, Attica Corr.
Fac.,

          Defendant.

_____

      *Pro se* Plaintiff, Devin Isidore, is a prisoner confined at the Five Points Correctional Facility and filed this action seeking relief under 42 U.S.C. § 1983.  He alleged that while he was incarcerated at the Attica Correctional Facility ("Attica CF"), Defendant Sergeant Baker verbally harassed him, called him a rapist and snitch in front of other inmates and interfered with his need for mental health treatment.  ECF No. 1 at 5, 8-9.  Upon granting Plaintiff permission to proceed *in forma pauperis*, the Court screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and found that the Complaint failed to state claims upon which relief can be granted but granted Plaintiff leave to file an amended complaint in an attempt to state claims that were plausible on their face.  ECF No. 3.  Plaintiff filed an Amended Complaint and the Court must now screen it under §§ 1915(e)(2)(B) and 1915A.  For the following reasons, the Amended Complaint is dismissed with prejudice because it fails to state claims upon which relief can be granted.

## **LEGAL STANDARD**

      Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v.*

*Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).  A *pro se* litigant should generally be granted leave to amend his complaint at least once, when a liberal reading of the complaint gives any indication that a valid claim might be stated, *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted), though a district court need not grant leave to amend where an amendment would be futile, *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and a plaintiff "need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)).  Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."

*Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

## BACKGROUND

Notably, the Amended Complaint alleges somewhat less factually than the original Complaint but, liberally construed, alleges the following.  Defendant Baker, a sergeant at Attica CF, "sexual[ly] harass[ed]" Plaintiff on three separate occasions during a two-week period.  On October 27, 2019, Baker failed to "protect" Plaintiff's mental health and "use[d] it against [him.]"  ECF No. 5 at 5.  In front of other inmates and staff, Baker called Plaintiff a "rapole [sic] [and] snitch."  *Id.* at 5, 6.  Plaintiff had asked for help two days earlier when he was coughing up blood and hearing voices.  In the hospital, he explained "what was going on with [him]."  *Id.* at 5.  Plaintiff needed to be placed in the Mental Health Unit (MHU) but instead was placed in protective custody.  "That's when things got bad."  *Id.*

The original Complaint had alleged further that on October 27, Plaintiff was involved in a fight with another inmate in the yard and, as he was being escorted from the yard, Baker stated why is this rapist still on the company, get this rapist out of here.  Plaintiff was taken to SHU and on November 1, Baker came to SHU and told other inmates that Plaintiff was a rapist and later laughed at him.  Plaintiff received no mental health care for the three weeks he was in SHU.  ECF No. 1 at 8-9.

Reviewing the allegations of both the Complaint and Amended Complaint together, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) ("As we have repeatedly stated, [w]e liberally construe pleadings and briefs submitted by pro se litigants, reading such

3

submissions to raise the strongest arguments they suggest.") (quotation marks omitted), Plaintiff nonetheless fails to state a claim upon which relief can be granted, and the amended complaint must be dismissed with prejudice.

## DISCUSSION

The Court, in the same manner as it construed the Complaint, construes the Amended Complaint as alleging claims of deliberate indifference to Plaintiff's safety and mental health needs.  ECF No. 3 at 4.

1. Serious risk of harm

Correctional officials may be liable under Section 1983 "for harm incurred by an inmate if the officials acted with 'deliberate indifference' to the safety of the inmate."  *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (quoting *Morales v. N.Y.S. Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988)).  While "being labeled a 'snitch' in the prison environment can indeed pose a threat to an inmate's health and safety in violation of the Eighth Amendment[,]" *Hamilton v. Fischer*, No. 6:12–CV–6449(MAT), 2013 WL 3784153, at  *15 (W.D.N.Y. July 18, 2013) (internal quotations and citations omitted), "in general prison officials will not be liable for such actions absent a showing that the inmate suffered actual harm as a result.  At the very least, a plaintiff must show that the defendant's actions gave rise to an excessive risk to [his] safety." *Abney v. Jopp*, 655 F. Supp. 2d 231, 233 (W.D.N.Y. 2009); *Green v. N.Y. City Dep't of Corr.*, No. 06 Civ. 4978, 2008 WL 2485402, at *7 (S.D.N.Y. June 19, 2008) ("In the cases cited by Plaintiff in which courts found viable Eighth Amendment claims premised on being labeled a 'snitch,' there were allegations or proffered evidence of actual physical harm") (collecting cases)).

As with the Complaint, Plaintiff has not alleged any facts that would establish that he faced any actual or imminent harm as a result of being called a rapist or snitch by Baker.  *Bouknight v.*

4

*Shaw*, No. 08 Civ. 5187(PKC), 2009 WL 969932, at *4 (S.D.N.Y. April 6, 2009).  Plaintiff alleges only that, while he was escorted from the yard following his fight with another inmate, Baker called him a rapist.  He was then taken to SHU.  ECF No. 5 at 5.  In the absence of any allegations of actual or imminent harm this claim cannot proceed.  Because Plaintiff has already been granted leave to amend this claim, this claim is dismissed with prejudice as futile.

       2.  <u>Denial of mental health care</u>

       Similarly, Plaintiff's allegations fail to state a claim of deliberate indifference to his mental health needs.  A claim of inadequate medical or mental health care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  "[W]hether . . . manifested by prison doctors in their response to prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed[,] . . . deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983."  *Id.*  A claim of deliberate indifference has both an objective and subjective standard.  "A condition is objectively serious if it 'pose[s] an unreasonable risk of serious damage to [a prisoner's] future health.' "  *Guilbert v. Sennet*, 235 F. App'x 823, 826 (2d Cir.2007) (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir.2002) (internal quotation marks omitted)).  Subjectively, a plaintiff must establish that the prison official "acted with the requisite state of mind, the equivalent of criminal recklessness."  *Montalvo v. Lamy*, 139 F. Supp. 3d 597, 606 (W.D.N.Y. 2015).  "Deliberate indifference may be inferred where a risk to a [plaintiff's] health is so obvious that the defendant must have known of it, yet did not provide appropriate treatment."  *Id.* at 607.

The Amended Complaint does not set forth any facts plausibly alleging either component of a deliberate indifference claim.  The Court had found initially that the Complaint's allegation that Plaintiff complained to a nurse about hearing voices in his head, was insufficient to state an objectively serious mental health need.  ECF No. 3 at 5.  The Amended Complaint adds no further allegations and thus again fails to allege a serious mental health need.

As to the subjective component, the Amended Complaint alleges only that when Plaintiff was in the hospital a few days prior to the fight in the yard, he explained that he needed mental health care and Baker used it against him to place him in protective custody.  ECF No. 5 at 5.  This does not allege in any way that Baker was deliberately indifferent to Plaintiff's mental health needs.  Even if it can be inferred reasonably that Baker placed Plaintiff in protective custody as opposed to the Mental Health Unit and somehow interfered with Plaintiff's mental health care needs, there are no allegations that he acted culpably.

Accordingly, Plaintiff fails to state a claim of deliberate indifference to his serious mental health care needs and this claim is dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A.  Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  Further requests to proceed on appeal as a poor person should be directed, on motion,

to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the

Federal Rules of Appellate Procedure.

      SO ORDERED.

                                              _____
                                              Frank P. Geraci, Jr.
                                              United States District Judge

DATED: June 4, 2020
                Rochester, NY